# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**EVELYN LLANOS-TORRES,**

    *Plaintiff*,

v.

**THE HOME DEPOT PUERTO RICO, INC.,** *et al.*,

    *Defendants*.

Civ. No. 24-01058 (MAJ)

## OPINION AND ORDER

### I.      Introduction

On January 26, 2024, Evelyn Llanos-Torres ("Plaintiff") filed the instant action in the Puerto Rico Court of First Instance against her former employer, Home Depot Puerto Rico, Inc. and Home Depot USA, Inc. ("Defendants") requesting payment of disability benefits to which she alleges she is owed. (**ECF Nos. 1, 13**). On February 7, 2024, Defendants timely removed the matter to this Court pursuant to 28 U.S.C. § 1441(a), arguing Plaintiff's claim is preempted by the Employee Retirement Income Security Act ("ERISA") and therefore, this Court has jurisdiction under 28 U.S.C. § 1331. (**ECF No. 1**).

On May 10, 2024, Plaintiff filed the operative Amended Complaint alleging an ERISA 502(a)(1)(B) claim against Defendants to recover disability benefits to which she claims she is owed.[1] (**ECF No. 28**). Pending before the Court is Defendants' Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6), in which they argue they are not proper

---

[1]     Plaintiff added The Hartford and Aetna as defendants in the operative amended complaint. (**ECF No. 28**). However, the instant motion only pertains to Defendant Home Depot USA, Inc., and Defendant Home Depot Puerto Rico, Inc.

party defendants to the instant matter.[2] (**ECF No. 14**). Also before the Court is Plaintiff's response. (**ECF No. 19**). For the reasons stated hereafter, the Court **GRANTS** Defendants' Motion to Dismiss.

## II. Background

Plaintiff is a resident of Puerto Rico and was an employee of Defendant Home Depot Puerto Rico Inc. ("Home Depot PR") from 1998 until June 11, 2017, when her employment was terminated. (**ECF No. 28 at 3 ¶¶ 1, 3**). As an employee of Home Depot PR, she maintains she participated in her employer's employee benefits plan. *Id.* at 4 ¶ 6. She also alleges she has been suffering from depression, severe hypoglycemia, and hypothyroidism since 2010. *Id.* at 3 ¶ 2.

Around the date of her termination, she alleges she qualified for disability benefits offered by Defendants. *Id.* at 4 ¶ 4. However, she alleges Home Depot PR's general manager refused to process her request. *Id.* ¶ 5. Accordingly, she filed an administrative claim requesting the payment of her disability benefits on August 19, 2022, which was amended and submitted later to the purported Plan Administrator, Defendant Home Depot USA Inc., ("Home Depot USA"). *Id.* ¶ 11.

Thereafter, Plaintiff maintains she provided all relevant medical records to both Defendant Home Depot PR, as her employer, and Defendant Home Depot USA, as the

---

[2] Defendants filed the instant motion to dismiss before Plaintiff filed the operative amended complaint. (**ECF Nos. 14, 28**). In their motion, Defendants contend that Plaintiff's claims are preempted by ERISA and that regardless, they are not proper party defendants in this case. (**ECF No. 14**).
 Typically, the filing of an amended complaint moots any pending motions to dismiss. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (internal quotations and citations omitted). However, Defendants argue in their motion that they are not proper parties. Since the operative amended complaint still names them as defendants, their arguments remain unchanged from its filing. (**ECF Nos. 26, 32, 33**).
 That said, because Plaintiff amended her complaint to include claims under ERISA, Defendants' argument that her initial claims were preempted by ERISA is moot and not addressed.

Plan Administrator. *Id.* ¶ 12. She alleges that Defendant Home Depot USA, as the Plan Administrator, referred her claims to The Hartford, an insurance company. *Id.* at 6 ¶ 23.

On September 29, 2022, The Hartford sent a letter to Plaintiff indicating it was working on her claim, and communicated to her on October 6, 2022, thereafter, that her claim was on hold until it received the requested medical records. *Id.* ¶ 25. On October 31, 2022, The Hartford sent another letter to Plaintiff indicating that it will only contact her if additional information was needed moving forward. *Id.* ¶ 26. Plaintiff alleges she was not contacted again, resulting in a constructive denial of her claim by Defendants. *Id.* ¶¶ 28-29. As a result, she requests $331,000 in past and future benefits she maintains she is owed. *Id.* at 13.

### III. Legal Standard

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), federal courts use a two-step method based on the plausible, not just possible, standard set forth in *Twombly* and *Iqbal. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under this approach, a court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (2012). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Second, the court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d 50,

55 (first citing *Ocasio-Hernández*, at 12; and then citing *S.E.C. v. Tambone*, 597 F.3d 436, 441–42 (1st Cir. 2010)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the court] 'to draw on' its 'judicial experience and common sense.'" *Id*. (citing *Iqbal*, at 678-79).

The First Circuit Court of Appeals, in *Ocasio-Hernández* explained that the "make-or-break standard" for determining whether a complaint states a claim is whether "the combined allegations, taken as true … state a plausible, not merely conceivable, case for relief." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotations omitted). "In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Id*.

## IV. Applicable Law

ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Pharm. Care Mgmt. Ass'n v. Rowe*, 429 F.3d 294, 300-01 (1st Cir. 2005). It "includes a cause of action for plan participants to recover benefits due to him under the terms of his plan." *Brown v. Lilly Del Caribe, Inc.*, 15-cv-1435, 2017 WL 3446782, at *5 (D.P.R. Aug. 9, 2017) (citing 29 U.S.C. § 1132(a)(1)(B)).

"[T]he proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan."[3] *Gómez-González v. Rural Opportunities, Inc.*, 626 F.3d 654, 665 (1st Cir. 2010) (citation omitted). However, "[t]here is an exception to this general rule: [i]f an entity or person other than the named plan

---

[3] ERISA defines a plan administrator as "the person specifically so designed by the terms of the instrument under which the plan is operated." *Brown v. Lilly Del Caribe, Inc.*, 15-cv-1435, 2017 WL 3446782, at *5 (D.P.R. Aug. 9, 2017) (citing 29 U.S.C. § 1002(16)(A)(i)).

administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits." *Id.*

Put another way, "exercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." *Ministeri v. AECOM Tech. Corp.*, 2019 WL 13202778, at *3 (D. Mass. Sept. 10, 2019) (collecting cases). "[T]he focus is not on labels[,] but rather on function and, specifically, what party controls the administration of the plan." *DiGregorio v. Pricewaterhouse Coopers Long Term Disability Plan*, 03-cv-11191, 2004 WL 1774566, at *15-16 (D. Mass. Aug. 9, 2004), *aff'd sub nom. DiGregorio v. Hartford Comprehensive Emp. Ben. Serv. Co.*, 423 F.3d 6 (1st Cir. 2005). Accordingly, "the mere exercise of physical control of the performance of mechanical administrative tasks generally is insufficient[.]" *Gómez-González,* 626 F.3d at 665.

"[C]ourts addressing whether a plaintiff's employer may be liable in an action for denial of benefits have granted motions to dismiss against the employer where it only performed ministerial functions in the processing of the claimant's disability claim." *Id.* at 4 (quoting *Newman v. Metro. Life Ins. Co.*, 2013 WL 951779, at *6 (D. Mass. Mar. 8, 2013)) (internal quotations omitted). The First Circuit has deemed "an employer's collection of information concerning an insured individual and communication of that information to an insurance company to *make the benefits decision*" as "ministerial functions," because it "does not constitute involvement in plan administration." *Ministeri,* 2019 WL 13202778, at *6 (citing *Gómez-González*, 626 F.3d at 665-66) (emphasis added).

In short, "[t]he employer is not a proper defendant where the pleadings do not properly allege that the employer 'controlled or somehow influenced the administration

of the plan.'" *Id.* at 4 (quoting *Thiffault v. Butler Home Prods., Inc.*, 2006 WL 240189, at *1 (D. Mass. Jan. 5, 2006)) (collecting cases).

## V. Analysis

Defendant Home Depot USA maintains that even assuming it is the Plan Administrator, the "Benefit Plan document itself establishes that the Plan is an insured disability plan through Aetna Life Insurance Company."[4] (**ECF No. 14 at 7**). It argues that the Benefit Plan is underwritten by Aetna, and therefore, it is "unmistakable [that] . . . Aetna[] is the sole entity with authority to decide initial and continued claims for benefits under the Benefit Plan, and to make payments on those benefits." *Id.* In support, Defendants attach the Benefit Plan between Defendant Home Depot USA and Aetna. (**ECF No. 14-1**).

Typically, when a court considers matters outside of the pleadings, a motion to dismiss is converted to a motion for summary judgment. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). However, courts have made exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to [a] plaintiff[']s claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Mehta v.*

---

[4] Defendant asks the Court take judicial notice of that The Hartford acquired Aetna in 2017 and attaches a press release from The Hartford's website announcing said acquisition in support. (**ECF No. 14 at 7 n. 2**); *see also* https://newsroom.thehartford.com/newsroom-home/news-releases/news-releases-details/2017/The-Hartford-Signs-Agreement-To-Acquire-Aetnas-US-Group-Life-And-Disability-Business/default.aspx; https://www.sec.gov/Archives/edgar/data/874766/000087476617000051/exhibit991gbtransactionrel.htm (same).

Under Federal Rule of Evidence 201, "a district court can take judicial notice of a fact not subject to reasonable dispute when it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rivera v. Marriott Int'l, Inc.*, 456 F. Supp. 3d 330, 337 (D.P.R. 2020). While corporate websites are not generally the sort of sources whose accuracy cannot be reasonably questioned, Plaintiff does not dispute this fact in her response, and in fact has added both Aetna and The Hartford as defendants to this action. Accordingly, the Court takes judicial notice of this fact.

*Ocular Therapeutix, Inc.*, 955 F.3d 194, 198 (1st Cir. 2020) (citing same). Plaintiff does not dispute the authenticity of the attached Benefit Plan in her response to the instant motion. (**ECF No. 19**). Bearing this in mind, and the fact it is central to her claim, the Court will consider it without converting the instant motion to a motion for summary judgment.

Upon review, the Benefit Plan clearly designates Defendant Home Depot USA as the "Plan Administrator" under the "Additional Information" heading. (**ECF No. 14-1 at 32**). However, this designation does not end the matter. As mentioned, the inquiry is who "'controlled or somehow influenced the administration of the plan.'" *Ministeri,* 2019 WL 13202778, at *4.

Here, Plaintiff maintains Defendant Home Depot USA constructively denied her claim "in performing its role of plan administrator." (**ECF No. 13 at 7 ¶ 36**). However, there are no "specific allegations concerning how [either of Defendants'] employees participated in the decision-making process, assisted [The Hartford, or Aetna] employees in reviewing and evaluating the merits of individual claims, or were involved in making final decisions." *Ministeri*, at *5. Instead, the Complaint, exhibits attached to it, and the Benefit Plan itself, directly contradict Plaintiff's conclusory contention.

Beginning with the Benefit Plan, the "Preface" states that "[t]he plan is underwritten by Aetna Life Insurance Company of Hartford, Connecticut (referred to as Aetna)." (**ECF No. 14-1 at 3**). It goes on to state under the "Reporting of Claims" heading that "[y]ou are required to submit a claim *to Aetna* in writing. Claim forms may be obtained from Aetna. Follow the procedure chosen by your Employer to report a disability claim *to Aetna*. If the procedure requires that claim forms be submitted, you may obtain

them from your employer or Aetna." *Id.* at 24 (emphasis added). Thereafter, under the "When Short Term Disability Benefit Eligibility Ends" heading, the Benefit Plan states:

> [y]ou will no longer be considered disabled nor eligible for weekly benefits when the first of the following occurs: the date you [no] longer meet the short term disability test of disability, as determined *by Aetna*[;] . . . the date an independent medical exam report or functional capacity evaluation does not, *in Aetna's opinion*, confirm that you are disabled[;] . . . [or] the date you refuse any treatment recommended by your attending physician that, *in Aetna's opinion*, would cure, correct or limit your disability[,] . . . .

*Id.* at 13. (emphasis added). These statements indicate that it was The Hartford, or Aetna, that had the authority to review and make final decisions regarding disability benefit claims.[5]

This is further supported by various allegations in the Complaint. For example, Plaintiff alleges that she filed a claim for disability benefits with the Plan Administrator—Defendant Home Depot USA—which was then *referred* to The Hartford or, Aetna. (**ECF No. 28 at 6 ¶ 23**). This "communication" of information "does not constitute involvement in plan administration," but instead constitutes "ministerial functions." *Ministeri*, at \*6 (citing *Gómez-González*, 626 F.3d at 665-66). Moreover, per Plaintiff's own allegations, she communicated directly and solely with The Hartford regarding her pending claim. She alleges that on September 29, 2022, The Hartford contacted her and indicated it was working on her claim. (**ECF No. 28 at 6 ¶ 24**). On October 6, 2022, The Hartford again contacted Plaintiff seeking medical records, and again on October 31, 2022, stating it would contact her if it needed additional information. *Id.* ¶¶ 25-26. Plaintiff attaches these communications to her response to the instant motion, all of

---

[5] The Benefit Plan's indication that the employee "must provide evidence of good health that is satisfactory *to Aetna*" (**ECF No. 14-1 at 8**) (emphasis added), and that "[i]f you have met all the eligibility requirements, your coverage takes effect on the later of: the date you are eligible for coverage; and the date your enrollment form is received; and the date your required contribution is received *by Aetna*" (**ECF No. 14-1 at 10**) (emphasis added), further support this contention.

which come solely from The Hartford.[6] (**ECF No. 19-3**); (**ECF No. 19-4**); (**ECF No. 19-5**). These communications indicate that The Hartford, or Aetna, were responsible for deciding the claim.[7] *See Ministeri*, at *5 (finding same); *Thiffault,* 2006 WL 240189, at *2 (declining to find the employer liable under ERISA where "the complaint and attached exhibits demonstrate that [the plaintiff] communicated directly with [the life insurance company] when applying for both short-and long-term benefits.").

Finally, in response to the instant motion, Plaintiff states herself that "the *insurance company* discontinued the processing of the claim around October 31, 2022." (**ECF No. 19 at 7 ¶ 41**) (emphasis added). She also states that "*The Hartford* has failed to fulfill the assignment by the Plan Administrator to review [Plaintiff's] disability benefits claim." *Id*. at 8 ¶ 42 (emphasis added).

In light of this, Plaintiff's conclusory allegations that Defendant Home Depot USA is the entity that controls the plan as Plan Administrator—and Defendant Home Depot PR as co-fiduciary—are insufficient. Accordingly, the allegations in the Complaint considered alongside the cognizable documents, fail to state a claim against Defendants for purposes of 29 U.S.C. § 502(a)(1)(B) liability.

On a final note, while Plaintiff primarily brings this cause of action under 502(a)(1)(B) for recovery of benefits she alleges she is owed, she also alleges that Defendants breached their fiduciary duty to her under 29 U.S.C. § 1104.[8] (**ECF No. 28 at 2 ¶ 3**). In so alleging, she argues Defendants failed to provide her with a formal denial

---

[6] Notably, in the September 29, 2022, correspondence, The Hartford requests *Plaintiff's* assistance in retrieving medical records from her healthcare provider. (**ECF No. 19-3**).
[7] Furthermore, while Plaintiff alleges she never received a formal denial of her claim from The Hartford or Aetna, she also never received a formal denial from Defendants either.
[8] While 29 U.S.C. § 1104 lists the duties of fiduciaries under ERISA, the section under which a plaintiff may bring a breach of fiduciary claim is actually 29 U.S.C. § 1109.

of her benefits, which has foreclosed her from the opportunity to review the decision's basis (**ECF No. 28 at 11 ¶¶ 42-47**); that Defendants "failed to properly allocate their fiduciary responsibilities to review and determine" Plaintiff's benefit claim (**ECF No. 28 at 12 ¶¶ 5, 52**); and that Defendants failed to put a reasonable benefit claim procedure in place (**ECF No. 28 at 12 ¶ 53**).

To the extent Plaintiff is asserting a claim for a breach of fiduciary duty, this claim is dismissed. Section 502(a)(2) provides that a civil action may be brought by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title. 29 U.S.C. § 1132(a)(2). Importantly, suits brought under 502(a)(2) are "derivative in nature[.]" *Newman v. Metro. Life Ins. Co.*, 2013 WL 951779, at *7 (D. Mass. Mar. 8, 2013) (citing *Evans v. Akers*, 534 F.3d 65, 70 n. 4 (1st Cir. 2008)). Here, there is no indication by Plaintiff in her request for relief that she is bringing suit on behalf of the Benefit Plan, or that an underlying suit exists allowing her to bring this derivative suit. *See Newman,* 2013 WL 951779, at *7. Instead, she only requests relief on her own behalf. (**ECF No. 28 at 13**). Accordingly, any purported claim for breach of fiduciary duty is dismissed.[9] *See Newman,* 2013 WL 951779, at *7 ("Since [the plaintiff] is only seeking recovery on her own behalf, rather than recovery that inures to the benefit of the plan's participants and beneficiaries, she cannot articulate a claim pursuant to section 502(a)(2).") (internal citations and quotations omitted) (collecting cases); *see also Stahl*

---

9     To the extent Plaintiff is asserting a claim under 29 U.S.C. § 502(a) for Defendants' alleged failure to have an adequate claims procedure as proscribed by 29 C.F.R. § 2560.503-1, as previously discussed, Defendants are not the proper party for this claim.
    Regardless, as Plaintiff is only seeking unpaid benefits to which she alleges she is owed, her injury is adequately remedied within the confines of her 29 U.S.C. § 502(a)(1)(B) claim. *See Halo v. Yale Health Plan, Dir. of Benefits & Recs. Yale Univ.*, 819 F.3d 42, 58 (2d Cir. 2016) (finding civil penalties are not available for a plan's failure to comply with ERISA's claims procedure); *Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 635 (N.D.N.Y. 2016) ("To the extent that Plaintiffs' injury as a result of these alleged breaches consists of unpaid benefits, § 502(a)(1)(B) provides an adequate remedy.").

*v. ExteNet Sys., Inc.*, 561 F. Supp. 3d 173, 178 (D.N.H. 2021) ("The defendants argue that [the plaintiff] does not state a claim for relief under §502(a)(2) because she does not file suit or seek a remedy on behalf of the Plan. The defendants are correct.").

## VI. Conclusion

Construing the facts in the light most favorable to Plaintiff, as the Court must do at this stage, the Complaint fails to state a plausible claim that Defendants had a role in the administration of the applicable disability benefits plan. Plaintiff's allegations, in combination with the cognizable documents before the Court, demonstrate that Defendants are not proper parties to this action. Accordingly, the Court **GRANTS** their Motion to Dismiss. (**ECF No. 14**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of August, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**