# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**EVELYN LLANOS TORRES,**

    *Plaintiff*,

v.

**THE HOME DEPOT PUERTO RICO, INC.,** *et al.*,

    *Defendants*.

Civ. No. 24-01058 (MAJ)

## OPINION AND ORDER

### I. Introduction and Background

Plaintiff Evelyn Llanos Torres ("Plaintiff") first filed this action against her former employer, Home Depot, in the Puerto Rico Court of First Instance on January 23, 2024, seeking payment of disability benefits. (**ECF 1 at 1 ¶ 1, 2 ¶ 5**). Because her claim was preempted by the federal Employee Retirement Income Security Act ("ERISA"), it was removed to federal court on February 7, 2024. (**ECF 1**).

An amended complaint was filed on May 10, 2024 ("First Amended Complaint"), which again brought claims against Home Depot Puerto Rico, Inc. ("HDPR") and Home Depot USA, Inc. ("HDUSA") (together, "Home Depot"), and added three additional defendants: the Home Depot Welfare Benefit Plan, The Hartford, and Aetna. (**ECF 28**). On August 2, 2024, this Court granted Home Depot's first motion to dismiss, (**ECF 14**), holding that HDPR and HDUSA were not proper party defendants in this case. Rather, the evidence properly before the Court indicated that Aetna and/or the Hartford were the proper party defendants to Plaintiff's claim for benefits. (**ECF 37 at 7–9**). Therefore, the

Court ruled that Plaintiff had failed to state a claim against Home Depot under ERISA § 502(a)(1)(B). (**ECF 37 at 9**).

On December 6, 2024, Plaintiff filed a Second Amended Complaint, now the operative Complaint in this case. (**ECF 73**). The Second Amended Complaint again brought in HDPR and HDUSA as defendants, along with the Home Depot Welfare Benefit Plan, The Hartford, and Aetna, and, for the first time, added three additional defendants: the Home Depot Group Benefit Plan, the Administrative Committee of the Home Depot Welfare Benefit Plan and Home Depot Group Benefit Plan ("Administrative Committee"), and Scott Smith as the "sole member" of the Administrative Committee. (**ECF 73 at 4**). In addition to a claim under ERISA § 502(a)(1)(B), Plaintiff also brought claims under ERISA §§ 502(a)(2) and (3) for alleged violations of fiduciary duties.[1] It is unclear from the face of the Complaint which claims are brought against which parties.

Following the filing of the Second Amended Complaint, Home Depot again moved to dismiss the claims against them, and were joined by defendants Scott Smith and the Administrative Committee. (**ECF 87**) ("the Motion"). Defendants once again argue that they are improper party defendants under ERISA § 502(a)(2)(B), and that any remaining claims against them have been waived pursuant to a confidential Settlement Agreement and General Release executed by Home Depot and Plaintiff on October 13, 2022. (**ECF 87 at 2**) (citing **ECF 88-1**). Plaintiff filed an Opposition to the Motion, (**ECF 95**), Defendants replied, (**ECF 100**), and Plaintiff sur-replied, (**ECF 103**). For the reasons stated herein, the Court now **GRANTS** the Motion to Dismiss.

---

[1] ERISA § 502 is codified at 29 U.S.C. § 1132. For consistency, throughout this Opinion and Order the Court will reference the statute by its ERISA Section number. ERISA § 502(a)(1)(B) is 29 U.S.C. § 1132(a)(1)(B); ERISA § 502(a)(2) is 29 U.S.C. § 1132(a)(2); ERISA § 502(a)(3) is 29 U.S.C. § 1132(a)(3).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6), in turn, allows a defendant to move to dismiss any complaint which fails "to state a claim upon which relief may be granted." When addressing a motion to dismiss under Rule 12(b)(6), courts must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g. See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). A complaint need not contain "detailed factual allegations," but must contain enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). The allegations must be sufficient to "nudge[]" the plaintiff's claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint may be considered deficient where a plaintiff has failed to "state clearly which defendant or defendants committed each of the alleged wrongful acts." *Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (applying the more plaintiff-friendly notice pleading standard).

When ruling on a motion to dismiss under Rule 12(b)(6), Courts generally should not consider documents "not attached to the complaint, or not expressly incorporated therein." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). However, courts make exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." *Id.* (citations omitted). Defendants have attached a Settlement Agreement previously reached by the parties to the instant Motion.

(**ECF 88-1**). Because Plaintiff, in her Second Amended Complaint, seeks to pursue claims which were explicitly released under this Agreement, understanding the contents of this document is essential to Plaintiff's claim. Moreover, Plaintiff has not objected to or disputed the authenticity of this document, either in her response or sur-reply to the instant Motion. *See generally* (**ECF 95**, **103**). The same is true of the Benefit Plan originally attached to Home Depot's first motion to dismiss, (**ECF 14-1**), and attached again to the instant Motion. (**ECF 87-1**). As explained in this Court's prior Opinion granting the first motion to dismiss, the Benefit Plan is central to Plaintiff's claims. (**ECF 37 at 6–7**) (citing *Watterson*, 987 F.2d at 3). Moreover, the authenticity of this document has never been disputed by Plaintiff, either in her response to the first motion to dismiss or in her response or sur-reply to the instant motion. *See generally* (**ECF 19, 95, 103**). Thus, the court will consider both the Settlement Agreement and the Benefit Plan without converting the instant Motion into one for summary judgment. *Cf.* FED. R. CIV. P. 12(d).

**III. Applicable Law and Analysis**

    **A. Appearing Defendants are not proper parties to Plaintiff's claim under ERISA § 502(a)(1)(B).**

On August 2, 2024, this Court granted Home Depot's first motion to dismiss, holding that Defendant HDPR and HDUSA were not proper party defendants in this case. (**ECF 37**). In so holding, the Court noted that "the proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan." *Gómez-González v. Rural Opportunities, Inc.*, 626 F.3d 654, 665 (1st Cir. 2010) (citation omitted). Put another way, "exercising control over the administration of the benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." *Ministeri v. AECOM Tech. Corp.*, 18-cv-10611, 2019 WL 13202778, at *3 (D. Mass. Sept. 10, 2019)

(collecting cases). "[T]he focus is not on labels[,] but rather on function and, specifically, what party controls the administration of the plan." *DiGregorio v. Pricewaterhouse Coopers Long Term Disability Plan*, 03-cv-11191, 2004 WL 1774566, at *15–16 (D. Mass. Aug. 9, 2004) (citing *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998)), *aff'd sub nom. DiGregorio v. Hartford Comprehensive Emp. Ben. Serv. Co.*, 423 F.3d 6 (1st Cir. 2005).

For the reasons discussed extensively in this Court's prior Opinions and Order at ECF 37, this Court has previously concluded, based on the allegations in Plaintiff's first amended complaint, that Home Depot is not a proper defendant to Plaintiff's claim for benefits under ERISA § 502(a)(1)(B). (**ECF 37 at 9**). Rather, the undisputed evidence indicates that "it was The Hartford, or Aetna, that had the authority to review and make final decisions regarding disability benefit claims." (**Id. at 8**). Further, Plaintiff's first amended complaint contained "no specific allegations concerning how [Home Depot's] employees participated in the decision-making process, assisted The Hartford or Aetna employees in reviewing and evaluating the merits of individual claims, or were involved in making final decisions." (**Id. at 7**) (quoting *Ministeri*, 2019 WL 13202778, at *5) (cleaned up). Accordingly, the Court held that Plaintiff had failed to state a claim against Home Depot under ERISA § 502(a)(1)(B), because her "conclusory allegations that Defendant Home Depot USA is the entity that controls the plan as Plan Administrator – and Defendant Home Depot PR as co-fiduciary – are insufficient." (**ECF 37 at 9**).

The same holds true today. Through her Second Amended Complaint, Plaintiff has added no allegations whatsoever regarding whether Home Depot participated in any decision-making functions, nor does it offer any allegations that Scott Smith or the Administrative Committee participated in any of these functions. *See generally* (**ECF 73**). At most, the operative Complaint states that the Administrative Committee "is the

administrative committee of the HDWP and the HDGBP," (**id. at 4 ¶ f**); that "the Administrative Committee has constructively denied Plaintiff [sic] disability benefit[,]" (**id. at 12 ¶ 59**); and that Scott Smith was "responsible to amend and restate the plan documents and the summary plan descriptions for said employee benefit plans." (**id. at 4 ¶ i, 6 ¶ 15**). None of these conclusory statements address whether these defendants "participated in the decision-making process, assisted . . . in reviewing and evaluating the merits of individual claims, or were involved in making final decisions." *Ministeri*, 2019 WL 13202778, at *5.

Nor does Plaintiff's opposition to the Motion add any additional allegations on these points. *See id.* (considering whether the "bald assertions in the Complaint [were] amplified in plaintiff's opposition to the motion to dismiss," before dismissing the claim). Quite the opposite: in her response and sur-reply to the instant Motion, Plaintiff appears to concede that the appearing Defendants are proper parties only with respect to her claims for alleged breach of fiduciary duty. In response to Defendant's argument in the instant Motion that they are not proper party defendants, Plaintiff's response includes a section, titled "HDPR and HDUSA are proper party defendants to this action," which does not reference any facts related to Plaintiff's claim under § 502(a)(1)(B), but exclusively refers to alleged breaches of fiduciary duty. (**ECF 95 at 4–5**); *see also* (**ECF 103 at 3**).[2]

---

[2] At most, Plaintiff makes a vague assertion, unsupported by any legal citations or argumentation, that "HDUSA designation and delegation to Aetna or the Hartford is not valid because it was improperly made by defendants. Such delegation may not be made by HDUSA because it is not authorized to conduct business in Puerto Rico; therefore, HDUSA can not delegate to do something that it has no authorization to do." (**ECF 73 at 6–7 ¶ 18**); *see also* (**ECF 95 at 4**) ("HDPR and HDUSA are proper party defendant in this action inasmuch as, they failed to properly delegate to Aetna and/or the Hartford, all authority to decide initial and continuing claims, as well as to pay benefits."). Though difficult to follow, it is possible to construe this as an argument that HDPR and HDUSA are proper party defendants under § 502(a)(1)(B) because they were somehow deficient in their attempt to "delegate" this authority to Aetna and the Hartford. Yet Plaintiff has provided no support for her misplaced belief that whether a party is a proper party defendant under § 502(a)(1)(B) turns on whether that party has been "designated" or "delegated" in some

The analysis set forth in this Court's prior decision therefore remains in force. Plaintiff has failed to state a plausible claim that any of the appearing Defendants are proper parties to her claim for benefits under ERISA § 502(a)(1)(B).

### B. Plaintiff's claims for breach of fiduciary duty were released pursuant to the Settlement Agreement.

On October 13, 2022, Plaintiff entered into a Settlement Agreement and General Release with Home Depot. (**ECF 88-1**). Pursuant to this agreement and in exchange for consideration, Plaintiff agreed to release and discharge Home Depot and its affiliates, agents, and employees from any pending or future claims based on events which occurred prior to the execution of the Agreement, subject to a few narrow, enumerated exceptions. Specifically, Paragraph 6 of the Settlement Agreement, titled "Waiver and General Release of Claims," reads in relevant part:

> The Plaintiff . . . <u>fully, finally, and forever releases</u> and discharges Home Depot and its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively referred to as "Released Entities"), <u>from any and all claims and rights of any kind that Plaintiff may have based on any events or circumstances arising or occurring on or before the date of Plaintiff's execution of this Agreement whether known or unknown, suspected or unsuspected</u>, including, but not limited to, any claim related to Plaintiff's employment with or the termination of the employment relationship between Plaintiff and Home Depot, and any rights of continued employment, reinstatement, or reemployment by Home Depot. Subject only to the exclusions in Section 6(A) below, Plaintiff expressly agrees, understands, and acknowledges that this is a General Release, which to the fullest extent permitted by law waives and releases all claims against the Released Entities, including, but not limited to, <u>claims under . . . Employee Retirement Income Security Act</u>[.]

(**ECF 88-1 at 5–6 ¶ 6**) (emphasis added).

---

way. Rather, the caselaw indicates otherwise, that "the focus is not on labels[,] but rather on function and, specifically, what party controls the administration of the plan. *DiGregorio*, 2004 WL 1774566, at *15–16.

Clearly, unless any of the enumerated exceptions apply, Plaintiff's claims under ERISA §§ 502(a)(2) and (3) are covered by the terms of this release agreement. Though Plaintiff states that the operative Complaint contains allegations of "fiduciary violations by defendants that occurred after the settlement date" of October 13, 2022, (**ECF 95 at 2**), the Court is unable to identify any such allegations in the Complaint. In her sur-reply, Plaintiff lists specific paragraphs in the Complaint which allegedly "include allegations of . . . ERISA fiduciary breaches since October 13, 2022." (**ECF 103 at 5**, citing **ECF 73 at ¶¶ 35–37, 44, 46, 47, 51–56, 60**). However, a review of these paragraphs reveals that every single one references Plaintiff's claim for disability benefits, a claim which was filed in August 2020. (**ECF 73 at 7 ¶ 23**). Nor do any of these paragraphs reference any specific "events or circumstances" which occurred on any date after October 13, 2022. And a review of the Complaint as a whole reveals not a single example of an allegation based on an event occurring before that date. Rather, all of Plaintiff's potential claims contained in the Complaint are "based on . . . events or circumstances arising or occurring on or before" October 13, 2022, (**ECF 88-1 at 5 ¶ 6**), namely: the termination of her employment in 2017, (**ECF 73 at 5 ¶ 6**), the "change of insurance carrier of the policies maintained for the [Home Depot Welfare Benefit Plan]" made on or around 2017, (**id. at 6 ¶ 12**), the merger of the prior disability benefits plan "into a new plan" in February 2020 (**id. at ¶ 13**), and/or her filing of an administrative claim requesting payment of her disability benefits, filed in August 2020 and amended in September 2020, (**id. at 7 ¶ 23**). Any allegations she has made regarding any failure to investigate her claim, the constructive denial of her claim, the change of insurance carrier, the merger of the plan, or any failure to communicate about any of these things, are clearly "based on" these preceding events. All of these events occurred prior to and were known to Plaintiff when

she agreed to release all claims against Home Depot which were based on facts that had occurred up to that time, whether such facts and claims were "known or unknown, suspected or unsuspected." (**ECF 88-1 at 5 ¶ 6**). Home Depot is thus entitled to its end of the bargain, namely, the assurance that all claims against them by Plaintiff which are based on these events, except for those covered by the exceptions enumerated at Paragraph 6(A), have been "fully, finally, and forever release[d] and discharge[d]." (**Id.**).

Nor do any of the exceptions apply. Paragraph 6(A), titled "Claims Not Released," enumerates the exceptions:

> The claims released under Paragraph 6 of this Agreement do not include the following claims that Plaintiff may have:
>
> (1) the right to continued benefits in accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA);
>
> (2) the right to any benefits under Home Depot's benefits plans that may be claimed pursuant to, or is covered by, ERISA § 502(a)(1)(B), including the right to pursue disability benefits under Home Depot's short-term and long-term insured disability policy with the Hartford Insurance Company; provided that this exclusion does not extend to any claims or remedies not allowed under ERISA § 502(a)(1)(B). The Hartford Insurance Company has assigned Claim Number [redacted] to plaintiff's disability claim.
>
> (3) any claim to enforce the terms of this Agreement; and/or
>
> (4) any claim which cannot be waived as a matter of law.

(**ECF 88-1 at 7–8 ¶ 6(A)**).

It is unclear which of these exceptions, if any, Plaintiff believes apply to her claims under ERISA §§ 502(a)(2) and (3). Though she states, for the first time in her sur-reply, that these two causes of action were "filed under the exclusion at 6A (3) and (4) provided in the Settlement Agreement," (**ECF 103 at 6**), she later states that she is "seeking a remedy as allowed under paragraph 6A (1), (2), and (3) to [sic] for the three (3) causes of action filed in this case, including a monetary relief of $331,00, [sic], plus a plan

reformation and restatement order." (**Id. at 7**). This statement does nothing to clarify which exceptions Plaintiff believes apply to which causes of action and/or remedies. For the avoidance of doubt, the Court has considered whether any of the narrow exceptions enumerated in the Settlement Agreement apply to the two causes of action under ERISA §§ 502(a)(2) and (3).

Because Plaintiff has never argued or alleged that her ability to pursue her claims for breach of fiduciary duty in any way implicates her rights under COBRA, Exception 1 clearly does not apply. Nor has she offered any support whatsoever suggesting that these claims could not have been waived as a matter of law, such that Exception 4 would apply.

Exception 2 allows Plaintiff to bring a claim for short-term disability benefits which are covered by ERISA § 502(a)(1)(B), but does not extend to claims under §§ 502(a)(2) or (3). The text of the agreement is extremely clear on this point: "this exclusion does not extend to any claims or remedies not allowed under ERISA § 502(a)(1)(B)." (**ECF 88-1 at 7 ¶ 6(A)**). Yet Plaintiff has admitted that she has brought her claims under ERISA §§ 502(a)(2) and/or (3) precisely because "Section 502(a)(1)(B) by itself, does not provide the remedy that [she] needs[.]" (**ECF 103 at 4**); *see also* (**id. at 5**) (stating that the remedy she seeks "cannot be obtained through a 502(a)(1)(B) cause of action[.]"). Clearly, then, these claims are not covered by Exception 2.

Nor does Exception 3 apply, as Plaintiff's claims for breach of fiduciary duty are in no way claims "to enforce the terms of" the Settlement Agreement." (**ECF 88-1 at 8**). In her response to the Motion, Plaintiff states that various alleged fiduciary violations "resulted in interfering with the execution of the Settlement Agreement and with the attainment of her disability benefits," and that "wrongdoing interfered with the processing of her benefit as part of the terms of [the Settlement A]greement." (**ECF 95**

**at 5**). But "processing her benefit" was *not* a term of the Settlement Agreement. The Settlement Agreement merely dictates that her claims under ERISA § 501(a)(1)(B) have not been waived. In other words, the Settlement Agreement carved out a narrow claim which Plaintiff "*may* have" been able to bring against Home Depot. (**ECF 88-1 at 7 ¶ 6(A)**) (emphasis added). It in no way promised that Plaintiff would succeed on such a claim, or that the claim could not be dismissed as against Home Depot for other reasons extrinsic to the Settlement Agreement. As noted above, this claim has already been dismissed as against Home Depot because they are not a proper party defendant to this claim. This outcome is in no way inconsistent with the terms of the Settlement Agreement, which, despite Plaintiff's misleading attempts to suggest otherwise, did not promise her "the attainment of her disability benefits." (**ECF 95 at 5**). In short, Plaintiff provides no explanation of why she believes the "execution of the Settlement Agreement" was "interfer[ed]" with, nor what terms she believes were not executed or now need to be enforced.[3]

Because Plaintiff has failed to allege facts which could plausibly support an inference that her claims for fiduciary duty were not waived by the Settlement Agreement, she has failed to state a claim under either §§ 502(a)(2) or (3) against the appearing Defendants.[4]

### IV. Conclusion

Accordingly, for the reasons stated above, Plaintiff has failed to state a claim against any of the appearing Defendants upon which relief can be granted. The Motion to

---

[3] Nor has Plaintiff explained why "the attainment of her disability benefits" cannot be achieved through an action under § 502(a)(1)(B) against the parties which are proper defendants to that action.

[4] Because a plain reading of the Settlement Agreement is sufficient to dismiss Plaintiff's claims under §§ 502(a)(2) and (3), the Court need not address whether Plaintiff would otherwise have stated a claim for breach of fiduciary duty against the appearing Defendants.

Dismiss at is hereby **GRANTED**, and all claims against Defendants HDPR, HDUSA, the Administrative Committee, and Scott Smith are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2025.

*/s/* **Maria Antongiorgi-Jordan**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**